Ahren A. Tiller (SBN: 250608)
Anika Renaud-Kim (SBN: 272850)
Michael Steiner (SBN: 262189)
**BANKRUPTCY LAW CENTER**
1230 Columbia St. Ste 1100
San Diego, CA 92101
Phone (619) 894-8831

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL CULALA SANTOS<br>MA RUBY ZAFRA SANTOS,<br><br>        Debtors,<br><br>vs.<br><br>LESLIE T. GLADSTONE,<br><br>        Chapter 7 Trustee. | ) CASE NO.:  13-05225-CL7<br>)<br>) **OPPOSITION TO TRUSTEE'S OBJECTION TO**<br>) **DEBTORS' CLAIM OF EXEMPTIONS**<br>)<br>) Date:  September 16, 2013<br>) Time:  10:00a.m.<br>) Dept:  5, Rm 318<br>)<br>)<br>)<br>) |

Emmanuel and Ma Ruby Santos (hereinafter referred to as "Debtors"), by and through their counsel of record, hereby oppose the Trustee's Objection to Debtors' Claim of Exemptions on the following grounds:

<u>**Statement of Facts**</u>

1. Debtors filed their Chapter 7 bankruptcy case on May 20, 2013 and were assigned case number 13-05225-CL7.

2. Prior to filing, Debtors opened a Union Bank IRA account with an initial deposit of $5,000.00 on May 2, 2013.

3. On Schedule B, Debtors disclosed the following retirement accounts:

    a. Sharp Saver DB Plan ($23,885.33)

    b. Sharp Saver DC Plan ($56,708.30)

    c. Union Bank Traditional IRA ($5,000.00)

4. Debtors provided the Trustee with evidence of the Union Bank IRA deposit well before the 341(a) creditors meeting as part of the guideline documentation.

5.   Debtors attended their 341(a) meeting of creditors on June 13, 2013.

6.   Trustee Gladstone concluded the meeting without a continuance and filed an "Initial Report & 341 Meeting Held and Concluded" on June 18, 2013.

7.   On July 11, 2013, the Trustee filed her objection to Debtors' claim of exemptions, specifically objecting to "any eve-of-bankruptcy contributions that exceed the maximum contribution limit for retirement plans."

8.   Debtors have provided the Trustee with pre-filing account statements for all three (3) retirement accounts at issue.

9.   At the Trustee's request, Debtors are gathering the Sharp Saver retirement account statements for the period of January 1, 2011 to December 31, 2012 and will provide to the Trustee upon receipt.

**Argument**

A. *Eve of Bankruptcy Conversions*

The 9th Circuit has long held that conversion of nonexempt assets to exempt assets on the eve of bankruptcy does not constitute a fraudulent transfer absent extrinsic evidence of fraud. *In re Stern* (9th Circ. 2003) 345 F.3d 1036.

While it is not clear under what code section the Trustee brings their objection, typically such objections are brought under 11 U.S.C. § 522.

"Section 522 continues to adopt the position favorably viewed by the Code drafter that the mere conversion of nonexempt property into exempt property, without fraudulent intent, does not deprive the debtor of exemption rights in the converted property." 4 *Collier on Bankruptcy* ¶522.08[5].

B. *Maximum Contributions to Retirement Plans*

The sole issue raised by the Trustee is whether Debtors contributed more than the allowable amounts to each of these retirement accounts.

   a. Defined Benefit Plan

      i. Per Internal Revenue Code § 415(b)(1), for 2012 the annual limitation for defined benefit plans is the lesser of:

1                    1. 100% of the participant's average compensation for his or her

2                       highest 3 consecutive calendar years, or

3                    2. $200,000

4           ii. For 2013, the annual benefit cannot exceed the lesser of:

5                    1. 100% of the participant's average compensation for his or her

6                       highest 3 consecutive calendar years, or

7                    2. $205,000

8        iii. Wife's gross income at Sharp Coronado Hospital was $104,271 in 2011

9               and $107,466.75 in 2012.  With a current Sharp Saver Defined Benefit

10             (DB) balance of $23,885.33, it is very likely that the 2011-2012

11             retirement statements will prove that the contributions during that

12             time period do not exceed allowable limits.  Thus, the exemptions

13             applied to this account under CCP §703.140(b)(10)(E) are valid and

14             the entire account is exempt from liquidation.

15      b. <u>Defined Contribution Plan</u>

16          i. Per Internal Revenue Code § 415(c)(1), the limitation for defined

17             contribution plans increased from $50,000 in 2012 to $51,000 in 2013.

18         ii. Given Wife's gross income levels, a current Sharp Saver Defined

19             Contribution (DC) balance of $56,708.30, and the fact she has worked

20             at Sharp for over seven (7) years, Debtor is confident that the

21             requested statements will reveal that her contributions fell well

22             within the allowable limits.  Therefore, this account is also

23             properly and completely exempted.

24      c. <u>IRA</u>

25         i. The limit on annual contributions to an Individual Retirement

26             Arrangement (IRA) rose to $5,500 in 2013, up from $5,000 in previous

27             years.  IR-2012-77.

28         ii. As Debtors contributed $5,000 into the Union Bank IRA prior to

                    filing, it is properly exempted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion**

For the foregoing reasons, Debtors respectfully request the Court overrule the Trustee's Objection to Claim of Exemptions with respect to the Debtors' Sharp Saver DB/DC and Union Bank IRA accounts.

Dated: August 9, 2013

/s/ Ahren Tiller
Ahren Tiller, Esq.
Bankruptcy Law Center, APC
Attorney for Debtors