Leslie T. Gladstone, Trustee
401 Via Del Norte
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile:  (858) 454-9596

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>EMMANUEL CULALA SANTOS and<br>MA RUBY ZAFRA SANTOS,<br><br>Debtors. | Case No.:  13-05225-CL7<br><br>**REPLY TO DEBTORS' OPPOSITION TO TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS**<br><br>Date:        September 16, 2013<br>Time:       10:00 a.m.<br>Dept:        Five (5)<br>Honorable Christopher B. Latham |

  Leslie T. Gladstone, the chapter 7 trustee (the "**Trustee**"), submits this Reply to Opposition to Trustee's Objection to Debtors' Claim of Exemptions.

  To the extent that any contributions to the Debtors' plans exceed the maximum contribution limit(s), the Debtors' claim of exemption in such excess amount should be disallowed.

  I have requested additional documents from the Debtors regarding the actual amount of their contributions to their various plans during the period January 1, 2011 to December 31, 2012.  To date, I have not received those documents.

  <u>Defined Benefit Plan</u>.  I agree with the Debtors that, per Internal Revenue Code Section 415(b)(1), the 2012 annual limitation for defined benefit plans is the lesser of (i) 100% of the participant's average compensation for his or her highest three consecutive calendar years or (ii) $200,000.  Given that the balance in the Defined Benefit Plan as of the bankruptcy filing was $23,885, I agree that it is unlikely that the Debtors over-contributed to this plan.  The point is, however, that I have not yet received the plan statements to confirm that the Debtors did not over-contribute to this plan.

FINANCIAL
LAW GROUP

1   IN RE SANTOS, CASE NO. 13-05225-CL7;
REPLY TO DEBTORS' OPPOSITION TO TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

<u>Defined Contribution Plan</u>.  I likewise agree with the Debtors that, per Internal Revenue Code Section 415(c)(1), the limitation for defined contribution plans increased from $50,000 in 2012 to $51,000 in 2013.  Given, however, that the balance in the Defined Contribution Plan as of the bankruptcy filing was $56,708, I cannot say that over-contribution to this plan is unlikely.  The point, again, is that I have not yet received the plan statements to confirm that the Debtors did not over-contribute to this plan.

If the Debtors contributed to the Defined Benefit Plan or the Defined Contribution Plan an amount in excess of the contribution limit(s), that excess amount should be nonexempt property of the estate.

<u>IRA</u>.  The Debtors claim that the limit on annual contributions to an IRA rose to $5,500 in 2013, up from $5,000 in previous years.  The Debtors, however, fail to explain that:

> The maximum deduction that an individual may take for contributions to an IRA may be <u>reduced</u> when the individual or the spouse is an active participant and participates in any one of the following plans:  a qualified plan (such as a <u>defined contribution plan</u> or <u>defined benefit pension plan</u>), a simplified employee pensions (SEPs), SIMPLE accounts, a qualified annuity plan, a tax-sheltered annuity plan, a Code Sec. 501(c)(18) trust created before June 25, 1959, or a governmental retirement plan (Code Sec. 219(g)).

*U.S. Master Tax Guide* ¶ 2153A, at 730 (citing 26 U.S.C. § 219(g) (emphasis added).  For married individuals who are active participants in qualified plans (such as a defined contribution plan or a defined benefit plan), their ability to claim a deduction for contributions made to traditional IRAs depends upon the amount of their modified adjusted gross income.  *Id.* ¶ 2153B, at 731.

> <u>The deduction for taxpayers making contributions to a traditional IRA is phased out</u> for singles and heads of household who are covered by a workplace retirement plan and have modified adjusted gross incomes (AGI) between $59,000 and $69,000, up from $58,000 and $68,000 in 2012. <u>For married couples filing jointly, in which the spouse who makes the IRA contribution is covered by a workplace retirement plan, the income phase-out range is $95,000 to $115,000, up from $92,000 to $112,000</u>.  For an IRA contributor who is not covered by a workplace retirement plan and is married to someone who is covered, the deduction is phased out if the couple's income is between $178,000 and $188,000, up from $173,000 and $183,000.

IRS News Release IR-2012-77 (Oct. 18, 2012); *see also U.S. Master Tax Guide* ¶ 2153B, at 731.

FINANCIAL LAW GROUP

2    IN RE SANTOS, CASE NO. 13-05225-CL7;
REPLY TO DEBTORS' OPPOSITION TO TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

Without knowing the Debtors' modified adjusted gross income for tax year 2013, it is not clear whether the entire $5,000 contribution to their IRA is deductible. To the extent that any portion of the $5,000 contribution to the IRA is not deductible, that portion of the IRA in excess of the deductible amount should be nonexempt property of the estate.

**CONCLUSION**

My investigation into the Debtors' contributions to their various plans continues. Based on the all of the above, I request an Order that, to the extent that any contribution to the Debtors' plans exceeded the maximum contribution limit(s), exemption in that excess amount should be disallowed and the excess amount deemed nonexempt property of the estate.

Dated: August 19, 2013                    /s/ Leslie T. Gladstone
                                          Leslie T. Gladstone, Chapter 7 Trustee

FINANCIAL LAW GROUP

3     IN RE SANTOS, CASE NO. 13-05225-CL7;
REPLY TO DEBTORS' OPPOSITION TO TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

# PROOF OF SERVICE

I, the undersigned, hereby declare as follows:

I am employed in the City of La Jolla, County of San Diego, California. I am over the age of 18 years and not a party to the within action. My business address is 401 Via Del Norte, La Jolla, California 92037.

On August 19, 2013, I caused to be served:

**REPLY TO DEBTORS' OPPOSITION TO TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS**

on the parties in this action by placing a true and correct copy thereof in a sealed envelope(s), addressed as follows:

Ahren Tiller, Esq.,
Bankruptcy Law Center
1230 Columbia St., Ste. 1100
San Diego, CA 92101
*Attorney for Debtors*
**VIA FIRST CLASS MAIL**

Emmanuel Culala Santos & Ma Ruby Zafra Santos
1683 Picket Fence Dr
Chula Vista, CA 91915
*Debtors*
**VIA FIRST CLASS MAIL**

United States Trustee
Department of Justice
402 West Broadway, Ste. 600
San Diego, CA 92101
**VIA FIRST CLASS MAIL**

■ (BY FIRST-CLASS U.S. MAIL) I placed each such sealed, prepaid envelope, for collection and mailing at Financial Law Group, La Jolla, California, following ordinary business practices. I am familiar with the practice of Financial Law Group for collection for U.S. mail, said practice being that in the ordinary course of business, correspondence is picked up at our office the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

/ / /

/ / /

FINANCIAL LAW GROUP

4    IN RE SANTOS, CASE NO. 13-05225-CL7;
REPLY TO DEBTORS' OPPOSITION TO TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 19, 2013, at La Jolla, California.

/s/ Candi Collins
Candi Collins

FINANCIAL LAW GROUP

5    IN RE SANTOS, CASE NO. 13-05225-CL7;
REPLY TO DEBTORS' OPPOSITION TO TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS